# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MILLERCOORS LLC, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| HCL TECHNOLOGIES LIMITED, and ) | |
| HCL AMERICA, INC., ) | Case No. 17 C 1955 |
| ) | |
| Defendants. ) | |
| _____) | |
| HCL TECHNOLOGIES LIMITED, and ) | Judge Amy J. St. Eve |
| HCL AMERICA, INC., ) | |
| ) | |
| Counter-Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| MILLERCOORS LLC and MOLSON ) | |
| COORS BREWING COMPANY, ) | |
| ) | |
| Counter-Defendants. ) | |

## ORDER

The Court denies Counter-Defendant Molson Coors' motion to dismiss Count III of the Amended Counterclaim brought pursuant to Federal Rule of Civil Procedure 12(b)(6). [24].

## STATEMENT

On March 13, 2017, Plaintiff MillerCoors LLC ("MillerCoors") filed a Complaint against Defendants HCL Technologies Limited and HCL America, Inc. (collectively "HCL") alleging a breach of contract claim in relation to the parties' Master Services Agreement ("MSA") based on the Court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a). On August 3, 2017, HCL filed an Amended Answer, Affirmative Defenses, and Counterclaim against Counter-Defendants MillerCoors and Molson Coors Brewing Company ("Molson Coors"). Before the Court is Counter-Defendant Molson Coors' motion to dismiss Count III of HCL's Counterclaim brought pursuant to Rule 12(b)(6). For the following reasons, the Court denies Molson Coors' motion.

## LEGAL STANDARD

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be

granted." *Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 736 (7th Cir. 2014); *see also Hill v. Serv. Emp. Int'l Union,* 850 F.3d 861, 863 (7th Cir. 2017). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to the federal pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). When determining the sufficiency of a complaint under the plausibility standard, courts must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiffs' favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

## BACKGROUND

On September 18, 2013, MillerCoors issued a Request for Proposal ("RFP") for a Business Process and System Transformation ("BP&S") Realization project. (R. 1, Compl. ¶ 8.) MillerCoors alleges that the project was aimed at driving efficiencies, innovation, and growth across MillerCoors' various breweries by adopting a common set of best practice business processes and implementing them in a new enterprise SAP software solution. (*Id.*) Customizing the various modules of the SAP software to address a particular business' needs and writing new reports, programs, and tools is a complex undertaking and MillerCoors was looking for an experienced SAP consulting firm to manage and implement SAP for MillerCoors. (*Id.* ¶ 9.) HCL was the successful bidder on the BP&S project. (*Id.* ¶ 12.)

Prior to engaging HCL, MillerCoors created "blueprints" to document the various business processes that would be implemented in SAP. (*Id.* ¶ 13.) According to MillerCoors, HCL's initial task was to engage in a knowledge transfer process to learn and understand the blueprints that had been created, after which HCL would document and fill any gaps in the blueprints for processes that were not adequately documented. (*Id.*) The knowledge transfer project was memorialized in an interim Work Order No. 1 BP&S Program Knowledge Transfer – SAP Realization Services executed on or about December 3, 2013 ("KT Work Order"). (*Id.*) The KT Work Order was issued under an existing Master Services Agreement by and between MillerCoors and HCL effective December 1, 2012 (the "MSA"). (*Id.*) Other Work Orders followed, and the final Work Order No. 1-3 was executed on December 10, 2015. (*Id.* ¶ 23.)

MillerCoors asserts that due to the multiple failures on the project and the risk that these failures created, on June 20, 2016, it sent HCL a notice of termination of Work Order No. 1-3 exercising its right to terminate HCL from the project and to secure a new supplier to remediate HCL's work and complete the project going forward. (*Id.* ¶ 41.) MillerCoors then filed the present lawsuit seeking damages in relation to the termination of Work Order No. 1-3.

In Count III of the Amended Counterclaim, HCL alleges that Molson Coors tortiously interfered with the MSA and Work Order No. 1-3. (R. 28, Am. Counterclaim ¶ 127.) In particular, HCL explains that in the months preceding the closing of Molson Coors' acquisition of MillerCoors, Molson Coors decided that it did not want to proceed with or pay for parts of the

BP&S project that HCL was performing. (*Id*. ¶ 128.) Further, HCL alleges that although MillerCoors could have terminated for convenience Work Order No. 1-3 at any time with notice, a termination for convenience would have required MillerCoors to pay "Wind Down Expenses" and "Unamortized Investments" as defined by the MSA. (*Id*. ¶ 129.) According to HCL, Molson Coors intended to induce and did induce MillerCoors' breach of the MSA by directing MillerCoors to wrongfully terminate the People Processes & Systems ("PP&S") implementation. (*Id*. ¶ 130.) Further, HCL contends that after being directed by Molson Coors to terminate the PP&S implementation, MillerCoors wrongfully terminated the PP&S implementation by giving oral notice and failing to pay Wind Down Expenses and Unamortized Investments. (*Id*. ¶ 131.) HCL also states that it "is informed and believes that Molson directed MillerCoors to immediately terminate the PP&S application in contravention of the MSA in order to wrongfully place the financial burden of all work performed to date on HCL." (*Id*. ¶ 132.) HCL specifically alleges that MillerCoors' wrongful termination of the PP&S implementation meant that HCL completed work worth $1 million without any compensation. (*Id*. ¶ 102.) In short, HCL contends that Molson Coors directed and induced MillerCoors to advance pretextual grounds for termination that were lacking any good faith factual basis. (*Id.* ¶ 134.)

## ANALYSIS

In Count III of the Amended Counterclaim, HCL brings a tortious interference of contract claim against Molson Coors pursuant to Illinois law. *See Auto–Owners Ins. Co., v. Webslov Computing, Inc.*, 580 F.3d 543, 547 (7th Cir. 2009) ("Courts do not worry about conflicts of laws unless the parties disagree on which state's law applies."). Tortious inference with contract under Illinois law includes the following elements: "(1) the existence of a valid and enforceable contract between the plaintiff and another; (2) the defendant's awareness of this contractual relation; (3) the defendant's intentional and unjustified inducement of a breach of the contract; (4) a subsequent breach by the other, caused by the defendant's wrongful conduct; and (5) damages." *Healy v. Metro. Pier & Exposition Auth.*, 804 F.3d 836, 842 (7th Cir. 2015) (quoting *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.,* 131 Ill.2d 145, 154-55, 137 Ill.Dec. 19, 545 N.E.2d 672, 676 (1989)).

In the present motion, Molson Coors argues that HCL's claim lacks merit because Molson Coors "was privileged to seek to have a company it owned terminate a contract that was concededly overdue and over-budget," although the Amended Counterclaim alleges that Molson Coors did not "own" MillerCoors outright until the acquisition closed in the fall of 2016. In any event, "Illinois recognizes a conditional privilege to interfere with contracts 'where the defendant was acting to protect an interest which the law deems to be of equal or greater value than the plaintiff's contractual rights.'" *Nation v. American Capital, Ltd.,* 682 F.3d 648, 651 (7th Cir. 2012) (citation omitted); *see also TABFG, LLC v. Pfeil*, 746 F.3d 820, 825 (7th Cir. 2014) ("The privilege is necessary because a corporation acts through its agents, and the duty that those agents owe to the corporation's shareholders outweighs their duty to the corporation's contract creditors."). This conditional privilege is based on the business judgment rule. *See TABFG*, 746 F.3d at 825. "The privilege extends only to acts undertaken on behalf of the corporation, and corporate officers 'are not justified in acting solely for their own benefit or solely in order to injure the plaintiff because such conduct is contrary to the best interests of the corporation.'" *Id.* The "conditional privilege can be overcome" if Molson Coors "'induced the breach to further

3

[its] personal goals or to injure the other party to the contract, and acted contrary to the best interest of the corporation.'" *Nation,* 682 F.3d at 653 (citation omitted); *see also Koehler v. Packer Grp., Inc.,* 53 N.E.3d 218, 238 (1st Dist. 2016) ("[a] defendant who is otherwise protected by the privilege, however, 'is not justified in engaging in conduct which is totally unrelated or even antagonistic to the interest which gave rise to [the] privilege.'") (citation omitted). In such cases, "it is the plaintiff's burden to plead and prove that the defendant's conduct was unjustified or malicious.'" *Koehler, Inc.,* 53 N.E.3d at 238 (citation omitted); *see also HPI Care Servs.,* 131 Ill.2d at 158 ("plaintiff must set forth factual allegations from which it can be reasonably inferred that the defendant's conduct was unjustified.").

Here, HCL has plausibly alleged that Molson Coors' conduct was unjustified and contrary to the best interests of MillerCoors. *See Service By Air, Inc. v. Phoenix Cartage & Air Freight, LLC*, 78 F. Supp. 3d 852, 864 (N.D. Ill. 2015) ("To overcome the corporate officer privilege, a plaintiff must allege that the officer's conduct was unjustified or malicious.") Viewing the well-pleaded facts and all reasonable inferences as true, HCL alleges that Molson Coors purposely induced MillerCoors to wrongfully terminate the PP&S implementation to avoid paying Wind Down Expenses and Unamortized Investments. Further, HCL maintains that after it successfully completed the implementation of Work Order No. 1-3 and turned over a fully functioning SAP platform, MillerCoors terminated Work Order No. 1-3 without prior notice. Also, HCL alleges that it "is informed and believes that Molson directed MillerCoors to immediately terminate the PP&S application in contravention of the MSA in order to wrongfully place the financial burden of all work performed to date on HCL." HCL contends that Molson Coors directed and induced MillerCoors to advance pretextual grounds for termination that were lacking any good faith factual basis. Specifically, HCL alleges that Molson Coors' conduct was motivated by its need to justify its acquisition of MillerCoors to its shareholders. (Am. Counterclaim, ¶¶ 107-11.) In sum, HCL has plausibly alleged that by directing MillerCoors to terminate certain aspects of the SAP implementation contract – without a good faith basis and without justification – Molson Coors exposed MillerCoors to liability based on the parties' contract, as well as the costs associated with replacing HCL during the SAP implementation. *See Iqbal,* 556 U.S. at 678 (claim is plausible on its face when plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

On a final note, despite Molson Coors' arguments to the contrary, although a plaintiff's ability to state allegations based on "information and belief" is restricted in the context of fraud allegations pursuant to Rule 9(b), under Rule 8(a), "[w]here pleadings concern matters peculiarly within the knowledge of the defendants, conclusory pleading on 'information and belief' should be liberally viewed." *Brown v. Budz*, 398 F.3d 904, 914 (7th Cir. 2005) (citation omitted); *see, e.g., Huon v. Denton*, 841 F.3d 733, 743 (7th Cir. 2016). Accordingly, the Court denies Molson Coors' Rule 12(b)(6) motion to dismiss Count III of HCL's Counterclaim.

**Dated:** October 3, 2017

_____
**AMY J. ST. EVE**
**United States District Court Judge**